IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Andronico Salazar-Lezama,<br><br>                Defendant. | No. CR-14-02030-TUC-JAS (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Produce Rough Notes, Motion for Production of *Henthorn* Materials and Motion to Suppress Statements. (Docs. 19, 20, 22). The Government contests Defendant's Motion to Suppress Statements. (Doc. 37). Oral argument was held before Magistrate Judge Pyle on May 22, 2015. (Doc. 44). At oral argument, the parties stipulated to the Court granting both the Motion to Produce Rough Notes (Doc. 19) and Motion for Production of *Henthorn* Materials (Doc. 20). Additionally, the parties agreed that the portion of the Motion to Suppress Statements concerning Defendant's A-file was not ripe for ruling in light of parties suggested procedures for defense counsel to review the A-file at a later date. Defense counsel will file a suppression motion concerning the A-file if deemed appropriate after review. Pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Crim 57.6(d)(1) the Magistrate Judge submits to the District Court this report and recommendation, recommending the Motion to Produce Rough Notes (Doc. 19) and Motion to Produce *Henthorn* Materials (Doc. 20) be granted, and that the Motion to Suppress Statements (Doc. 22) be granted in part and denied in part.

**Facts**

On November 13, 2014, Border Patrol Agents Hector Bruno and William Choi responded to the Tumacacori Market in Tumacacori, Arizona after a citizen phone call reporting a possible male undocumented immigrant wearing black clothing and an orange vest who was asking for a ride to Phoenix. (Motion, p. 2; Response, p. 2) Upon arriving at the market, Agents Bruno and Choi spotted a man meeting the description of the citizen call and approached him to investigate the report. *Id.* Agent Bruno identified himself and Agent Choi and asked the man, later identified as defendant Andronico Salazar-Lezama, to state his citizenship status. *Id.* Mr. Salazar-Lezama responded that he was in the United States illegally and was looking for work. *Id.* Thereafter, Mr. Salazar-Lezama was placed under arrest and transported to the I-19 Border Patrol Checkpoint for processing. *Id.*

Subsequent to Mr. Salazar-Lezama's arrival at the checkpoint, he was asked a series of questions for the purpose of completing the form I-213/826 designed to obtain biographical information, such as name, age, date of birth and country of origin, and where and when he entered to the United States. (Motion, p. 3; Response, p. 2; Exh. 2) Mr. Salazar-Lezama admitted to being in the United States without proper documentation and also admitted to crossing the international boundary without inspection at a designated port of entry. (Motion, p. 3) Eight hours later, after it was determined that Mr. Salazar-Lezama was amenable to criminal prosecution for illegal reentry, he was read his *Miranda* rights by a Border Patrol agent. (Motion, pp. 3-4)

On December 10, 2014, a federal grand jury indicted Mr. Salazar-Lezama with Illegal Reentry in violation of 8 U.S.C. 1326, enhanced by 8 U.S.C. 1326(b)(1).

**Discussion**

The Fourth Amendment prohibits "unreasonable searches and seizures" by the government. *Terry v. Ohio,* 392 U.S. 1, 9 (1968). An investigatory stop need not be supported by probable cause in order to comport with the Fourth Amendment. Instead, an officer may perform such a stop if he has a reasonable and articulable suspicion that a

suspect has committed a criminal offense. *See Terry,* 392 U.S. 1; *Hayes v. Florida,* 470 U.S. 811, 816 (1985). For example, when a Border Patrol Agent has reasonable suspicion to suspect a person of entering the country illegally, he may briefly stop that person and inquire into his citizenship and immigration status. *United States v. Brignoni–Ponce,* 422 U.S. 873, 884–885 (1975). However, the stop "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Id.* at 881–82. Law enforcement officers must also diligently pursue their investigation to confirm or dispel their suspicions quickly during an investigative stop. *United States v. Sharpe,* 470 U.S. 675, 686 (1985).

The investigatory stop herein was reasonably related to the circumstances that initially justified it: a two Border Patrol agents, responding to a citizen report of a possible undocumented immigrant, coming upon an individual in a marketplace located a short distance from the United States–Mexico border and a brief inquiry to ascertain from the individual where he was from and if he was legally present in the United States. At that point, the agent's questioning of Mr. Salazar-Lezama was non-custodial. *United States v. Montero–Camargo*, 177 F.3d 1113, 1121–22 (9th Cir.) (questions asked of motorist regarding alienage of driver and passengers constituted routine non-custodial pre-arrest questioning), amended by 183 F.3d 1172, withdrawn by 192 F.3d 946 (1999), reinstated by 208 F.3d 1122, 1228 n. 8 (2000). Similarly, "[a]n 'officer may question [individuals reasonably detained near the border] about their citizenship and immigration status, and he may ask them to explain suspicious circumstances, but any further detention or search must be based on consent or probable cause.'" *Brignoni–Ponce*, 422 U.S. at 881–82. Under the circumstances delineated above, Agent Bruno "could ask [Defendant] questions 'reasonably related in scope to the justification for their initiation.'" *United States v. Cervantes,* 421 F.3d 825, 830 (9th Cir. 2005) (quoting *Terry,* 392 U.S. at 29). Thus, Mr. Salazar-Lezama's initial statement to the agents admitting he was present in the United States illegally is admissible at trial.

Thereafter, Mr. Salazar-Lezama was formally arrested and transported to the I-19

Border Patrol Checkpoint for processing. Despite being in custody, he was questioned again without the benefit of *Miranda* warnings for purposes of completing the Form I-213/826. The I-213/826 elicited potentially incriminating information about his country of origin and where and when he entered to the United States. (Exh. 2) Such questions constitute interrogation and were reasonably likely to elicit incriminating responses. *Rhode Island v. Innis,* 446 U.S. 291, 302 (1980). The Government admits that this questioning, insofar as it elicited incriminating statements, is not admissible at trial. Consequently, any statements made by Mr. Salazar-Lezama after he arrived at the checkpoint were taken while he was in custody and should be excluded at trial, other than those statements made only to confirm his name or identity. *See, e.g., Dickerson v. United States,* 530 U.S. 428, 441–42 (2000).

**Recommendation**

The Magistrate Judge recommends that the District Court:

(1) DENY IN PART Defendant's Motion to Suppress Statements (Doc. No. 22) to the extent that answers given by Defendant to questions initially asked in the marketplace prior to his arrest were pursuant to an investigatory *Terry* stop;

(2) In light of the Government's avowals at the suppression hearing, GRANT IN PART Defendant's Motion to Suppress Statements (Doc. No. 22) to the extent that pre–*Miranda* statements, other than those to confirm the Defendant's name, made after the initial investigatory *Terry* stop for the purpose of completing the I-213/826 form will only be introduced for impeachment of Defendant should he testify at trial;

(3) DISMISS the portion of the Motion to Suppress Statements (Doc. 22) concerning the Defendant's A-file without prejudice;

(4) In light of the stipulations made by the parties, GRANT the Motion to Produce Rough Notes (Doc. 19) and the Motion for Production of *Henthorn* Materials (Doc. 20).

Pursuant to 28 U.S.C. §636(b), the parties have **FOURTEEN (14) DAYS** from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any Objections and Responses to Objections

filed should be filed as **CR 14-02030-JAS**.  No Replies shall be filed unless leave is granted from the District Court.

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

Dated this 19th day of June, 2015

.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE